# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GORSS MOTELS, INC.,**

    **Plaintiff,**

**v.**                                                                          Case No:   6:16-cv-1638-Orl-31DCI

**SAFEMARK SYSTEMS, LP and JOHN DOES 1-5,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 24) filed by Defendant Safemark Systems, LP ("Safemark"), the response in opposition (Doc. 33) filed by the Plaintiff, Gorss Motels, Inc. ("Gorss"), and the reply (Doc. 38) filed by Safemark.

Gorss filed the instant suit, a putative class action, on September 16, 2016. Gorss alleged that Safemark and five John Doe defendants violated the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227, by sending it an unsolicited facsimile advertisement on September 4, 2013. (Doc. 1 at 1-2). Gorss Motels also asserted that the fax at issue did not include an opt-out notice, as required by the statute. (Doc. 1 at 4).

Safemark contends that Gorss lacks standing to pursue the instant claim. Standing is a doctrine that limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982). The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff must have suffered (1) an injury in

fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).  The plaintiff bears the burden of establishing standing; at the pleading stage, the plaintiff is obligated to clearly allege facts demonstrating each element.  *Id.*

It is the first of these three elements that is disputed here: Safemark contends that Gorss has not properly alleged that it suffered an injury in fact.   More particularly, Safemark argues that, in *Spokeo*, the United States Supreme Court held that a plaintiff cannot establish standing based solely on an alleged violation of a statute, which is all that Gorss is asserting in the instant case. (Doc. 24 at 5).   Safemark is wrong on both points.

In *Spokeo* – a Fair Credit Reporting Act case – the plaintiff contended that the defendant had misreported information relevant to his creditworthiness, but he did not allege that he had suffered any other harm, such as being turned down for a loan.  *Spokeo* at 1546.   After the Court of Appeals found that the plaintiff had suffered an injury in fact and therefore had standing to bring suit, the Supreme Court vacated the decision and sent the case back for further consideration.  *Id.* at 1545.   In doing so, the Supreme Court reaffirmed numerous previous decisions holding that an "injury in fact" must be both concrete and particularized, *id.* at 1548 (citing cases), but it did *not* hold that an alleged statutory violation, by itself, could not constitute such an injury.   To the contrary, the Supreme Court noted that, in certain instances, "the violation of a procedural right granted by statute can be sufficient … to constitute injury in fact."  *Id.* at 1549.

Moreover, Gorss is complaining of more than just a procedural violation of the TCPA here.   Gorss has alleged that it suffered tangible losses of paper and toner as a result of receiving the unsolicited fax, as well as having its phone line and fax machine tied up, and wasting time

receiving, reviewing, and routing the fax.  (Doc. 1 at 12-13).   Safemark attempts to dismiss these alleged harms as *"de minimis,"* but cites no case law establishing a minimum threshold that must be cleared before a tangible harm can be considered for purposes of standing.   Accordingly, the Court finds that Gorss has sufficiently alleged an injury in fact and therefore possesses standing to bring its TCPA claim.

In the alternative, Safemark seeks a stay of the instant case while it pursues relief before the Federal Communications Commission in the form of a retroactive waiver of the requirement that it include an opt-out notice in its faxes.   Safemark contends that if it were to succeed in obtaining the waiver, a substantial portion of the plaintiff's putative class would be eliminated.  Setting aside the question of whether the waiver would actually accomplish this, or whether this would be a legitimate basis for staying the instant proceedings, the Court notes that Safemark has not alleged that the waiver would undermine Gorss's cause of action here.   As such, the Court sees no basis for making Gorss wait while the FCC matter is resolved.

Finally, Safemark challenges Gorss's class allegations., arguing that its proposed class cannot be certified.   Such arguments should be raised in the context of a motion for class certification.

In consideration of the foregoing, it is hereby

**ORDERED** that the on the Motion to Dismiss (Doc. 24) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 5, 2017.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE